IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAMEL HOWELL, Individually and | : | |
| By and through Conservators, | : | |
| BIRDIE and RICHARD POGUE | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:09-cv-402 (CAR) |
| HOUSTON COUNTY, GEORGIA, | : | |
| CULLEN TALTON, Individually and | : | |
| in his Official Capacity as Sheriff of | : | |
| Houston Country, Georgia, | : | |
| HOUSTON COUNTY SHERIFF'S | : | |
| OFFICE, CHARLES HOLT, | : | |
| W.H. RAPE, MATT THOMAS | : | |
| CHAMBERS, CHERYL KINNEY | : | |
| JONES, ERIC LEON BAKER, | : | |
| ELTON LAW, JAMES PAUL TAYLOR, | : | |
| SHANNON PERRY, THERESA JEAN | : | |
| REYNOLDS, JAMES KEITH BLAIR, | : | |
| GREGORY GRAHAM, TYRONE | : | |
| JOHNSON, and ANTONIO KADRELL | : | |
| ASKEW, All Individually and in their | : | |
| Official Capacities, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON PLAINTIFFS MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW

Before the Court is Plaintiff's Motion to Certify the Court's Order for

1

Interlocutory Review. [Doc. 99]. The Court issued its Order on Defendants' Motions for Summary Judgment on August 26, 2011, finding that Defendant's Motion for Summary Judgment should be granted in part and denied in part. The Court granted summary judgment in favor of Defendants Talton, Holt, Rape, Jones, Taylor, Perry, Reynolds, Blair, Graham, Johnson, and Askew on all claims and denied summary judgment to Defendants Chambers, Law, and Baker. See Aug. 26, 2011 Order, Doc. 98. Also on August 26, 2011, this Court excluded the testimony of Plaintiff's expert witness Andrew J. Scott based on the grant of summary judgment to the supervisory Defendants and because the Court found that Scott's opinions were unnecessary and unhelpful. See Aug. 26, 2011 Order, Doc. 97. Thereafter, Defendants Baker, Chambers, and Law filed a direct appeal from that Order with the Eleventh Circuit on the Court's finding that they were not protected by qualified immunity. See Notice of Appeal, Doc. 101.

    Because these issues involve a controlling question of law where an immediate appeal from the order may materially advance the ultimate termination of litigation, because there is substantial contrary authority for a difference of opinion, and because the qualified immunity issue is currently on appeal, the Court will certify the Order to the Eleventh Circuit Court of Appeals for an interlocutory appeal pursuant to 28

U.S.C. § 1292(b).  Thus, Plaintiff's Motion to Certify the Court's Order for Interlocutory Appeal [Doc. 99] is hereby **GRANTED**.  The Court finds that the following questions of law are controlling and therefore appropriate for interlocutory appeal to the Eleventh Circuit Court of Appeals:

1. Whether Plaintiff's excessive force claims implicated the Fourth Amendment's protection against unreasonable seizures or the due process concerns of the Fourteenth Amendment?

2. Whether Defendants Talton, Holt, Rape, Jones, Taylor, Perry, Reynolds, Blair, Graham, Johnson, and Askew are entitled to qualified immunity from civil liability under 42 U.S.C. 1983 because Defendants' conduct violated Plaintiff's constitutional rights?

3. Whether expert witness Andrew J. Scott's opinions are admissible?

This Court's Orders of August 26, 2011, are hereby amended to include this certification.  The case is hereby **STAYED** pending appeal.

**SO ORDERED,** this  3rd  day of November, 2011.

                                                       S/  C. Ashley Royal
                                                       C. ASHLEY ROYAL
                                                       UNITED STATES DISTRICT JUDGE

LMH